UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED COLLECTION SERVICE, INC., <br><br> Plaintiff, <br><br> v. <br><br> EDWARD AND BEVERLY DONALDSON, <br><br> Defendants, <br><br> v. <br><br> REGENCE BLUESHIELD, <br><br> Third-Party Defendant. | CASE NO. C06-545JLR <br><br> ORDER |

The court is in receipt of a notice of removal filed by Third-Party Defendant Regence BlueShield ("Regence") (Dkt. # 1). On its own motion,[1] the court REMANDS this action to King County District Court, East Division, for the reasons stated below.

The court concludes that it lacks subject matter jurisdiction over this action. Although the Ninth Circuit has yet to definitively rule on the issue of whether a third-

---

[1] The court has an independent obligation to determine whether removal jurisdiction exists. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004 ("We are obligated to consider sua sponte whether we have subject matter jurisdiction.").

ORDER – 1

party defendant may remove to federal court, the district courts within this circuit that have considered the question have definitively answered in the negative. HVAC Sales, Inc. v. Zurich Amer. Ins. Group, No. 04-03615, 2005 WL 2216950, at *3 (N.D. Cal. July 25, 2005) (third-party defendants may not exercise right of removal); Ribelin Lowell & Co. v. Shipowners Mut. Prot. & Indem. Ass'n, 365 F. Supp. 2d 1063, 1064 (D. Alaska 2005) (same); Schmidt v. Ass'n of Apartment Owners of Marco Polo Condo., 780 F. Supp. 699, 702 (D. Haw. 1991) (same); Saeilo Mach., Inc. v. Hirdes Freight, Ltd., No. 00-00777, 2000 WL 1205338, at *2-3 (C.D. Cal. March 8, 2000) (same). Citing the requirement that courts must strictly construe removal statutes, other federal courts have similarly declined to read the right of removal to extend to third-party defendants. See, e.g., First Nat'l Bank of Pulaski v. Curry, 301 F.3d 456, 463-64 (6th Cir. 2002); Knight v. Hellenic Lines, Ltd., 543 F. Supp. 915, 917 (E.D.N.Y.1982).

The court adopts the rationale of the above-cited authority and holds that Regence, as a Third-Party Defendant, may not remove to federal court because it is not a "defendant" for the purposes of 28 U.S.C. § 1441(a). Accordingly, the court REMANDS this action to King County District Court, East Division.

Dated this 9th day of May, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 2